Prepared by State Reporter from Appeal Papers

LEONORA BERNARDO, Respondent, *v.* GLOBE INDEMNITY COMPANY, Appellant.

*Insurance — indemnity — judgment recovered against party insured for personal injuries — action by plaintiff against insurance company to recover amount of insurance.*

*Bernardo* v. *Globe Indemnity Co.*, 217 App. Div. 821, affirmed.

(Argued February 25, 1927; decided March 29, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 11, 1926, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The complaint alleged that the plaintiff recovered a judgment against one Di Paolo on account of bodily injuries sustained by her through the negligent operation of Di Paolo's automobile; that an execution issued on the said judgment was delivered to the sheriff of the county of Monroe and that such execution was returned by the said sheriff unsatisfied; that the defendant had issued to Di Paolo its policy of insurance agreeing to indemnify him for damages as the result of his ownership of a certain automobile; that the policy provides that in case execution against the assured is returned unsatisfied in an action brought by an injured person, an action may be maintained by the injured person against the company under the terms of the policy for the amount of the judgment in the said action, not exceeding the amount of the policy. The answer alleged that the automobile, at the time and place of the accident, was being used for purposes other than those specified in the policy; that the plaintiff was an employee of Di Paolo, engaged in picking apples for the purpose of making cider at Di Paolo's mill, and that the automobile and accident were, therefore, not covered by the policy in accordance with provisions thereof.

*F. A. W. Ireland* and *William C. Fiest* for appellant.
*William L. Clay* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

### J. RUSSELL WHITE, Appellant, v. RICHMOND LIGHT AND RAILROAD COMPANY et al., Respondents.

*Contract — warranty — action to recover for breach of alleged warranty to furnish and install an electric oven that would refine camphor — insufficiency of evidence to establish warranty.*

*White* v. *Richmond Light & R. R. Co.*, 217 App. Div. 90, affirmed. (Submitted February 25, 1927; decided March 29, 1927.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 29, 1926, affirming a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term. The action was to recover for an alleged breach of warranty. The complaint alleged that plaintiff entered into a contract with defendants whereby the latter agreed to construct and furnish to plaintiff parts for an electric oven which would refine camphor; that thereafter defendants delivered and installed the oven but that it failed to work properly and failed to refine camphor, by reason of which plaintiff was damaged. The complaint was dismissed on the grounds that plaintiff's evidence failed to establish a warranty, express or implied; that the entire transaction was an experiment; that plaintiff was an expert on the subject of refining camphor and did not rely upon any statements or promises of defendants' agents that the experiment would succeed. Furthermore, there was no sale of a completed apparatus which was or could be the subject of warranty.

*Henry S. Miller* for appellant.

*Bertram G. Eadie* and *Daniel G. Brennan* for Richmond Light and Railroad Company et al., respondents.